IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARCO PEDRO ALONSO**                                           **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 3:18CV597 KHJ-LGI**

**WARDEN C. NASH**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Marco Pedro Alonso brings the instant petition pursuant to 28 U.S.C. §2241 seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Respondent moves to dismiss the petition on the grounds that Alonso failed to exhaust administrative remedies that were available to him through the BOP's Administrative Remedies Program. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be dismissed for failure to exhaust administrative remedies.

Alonso is currently in federal custody[1] serving a term of imprisonment imposed by the United States District Court for the Eastern District of Texas in February 2017. His projected release date is May 26, 2021. Construed liberally, Alonso alleges that BOP

---

[1] The proper respondent in a habeas challenge is the custodian of the petitioner. 28 U.S.C. §§2242-2243. At the time of filing, Petitioner was housed at the Federal Correctional Complex-Low in Yazoo City, Mississippi, and correctly named the warden at FCC-Yazoo as the Respondent. Though Petitioner has failed to provide the Court with a change-of-address in compliance with the Local Rules, the BOP website indicates that he has been transferred to a new facility. www.bop.gov/inmateloc/. Notwithstanding, jurisdiction over a §2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

officials have failed to calculate his sentence in accordance with the sentencing court's intention. Had they done so, Alonso claims that he would have been released in December 2020.

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The BOP computation is governed by 18 U.S.C. §3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit.

However, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program—a four-step administrative remedies process codified in 28 C.F.R. §542.10–542.19. To exhaust, an inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10

form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

An inmate must complete all steps in the administrative remedies process, even if the relief he seeks cannot be granted. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Substantial compliance will not suffice. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (quoting *Fuller*, 11 F.3d at 62). The petitioner bears the burden of demonstrating the futility of administrative review. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (citing *Fuller*, 11 F.3d at 62).

Here, Alonso does not deny his failure to exhaust, nor has he explained his failure to do so.[2] He has not shown or even alleged that administrative remedies were futile or

---

[2] A review of the docket reflects that Petitioner has not communicated with the Court since filing his petition in 2018. He has also failed to provide a change-of-address in compliance with Local Rule 11(a). "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *Id.*

rendered unavailable due to any action by Respondent.  Absent exhaustion or a showing of extraordinary circumstances warranting an exception to the exhaustion requirement, his petition must be dismissed for failure to exhaust administrative remedies.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on February 2, 2021.

                                               s/ LaKeysha Greer Isaac
                                               UNITED STATES MAGISTRATE JUDGE